**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:

Mariamma Braxton

                                                                         CASE NO.: 8:17-bk-09158-MGW

      Debtor(s).

_____

## AMENDED CHAPTER 13 PLAN

**A.**    **NOTICES.**

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | Included ■ | Not Included ☐ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | Included ☐ | Not Included ■ |
| Nonstandard provisions, set out in Section E. | Included ☐ | Not Included ■ |

**B.**    **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

    $1,100.00__ from month ___1_____ through 60_____.
    $_____ from month _____ through _____.
    $_____ from month _____ through _____.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**C.     PROPOSED DISTRIBUTIONS.**

    **1.     ADMINISTRATIVE ATTORNEY'S FEES.**

    **Base Fee $ 4,000.00  Total Paid Prepetition $500.00   Balance Due 3,500.00**

    **MMM Fee $ 1,800.00  Total Paid Prepetition $ 0  Balance Due $1,800.00**

    **Estimated Monitoring Fee at $ 50.00 per Month.**

    **Attorney's Fees Payable Through Plan at $_____ Monthly (subject to adjustment).**

    **2.     DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

    **3.     PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
|  |  |  |
|  |  |  |

    **4.     TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

    **5.     SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

    **(a)     Claims Secured by Debtor's Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid**

**Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments for Debtor's principal residence on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**(b)  Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**(c)    Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee:  (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
| --- | --- | --- | --- |
| 2767 | BSI Financial Services | 1195 55th Ave South St. Pete, FL 33705 | $765.65 |

**(d)    Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
| --- | --- | --- | --- | --- | --- | --- |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**(e)    Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
| --- | --- | --- |
| 8850 | U.S. Department of Housing and Urban Development | 119 55th Ave South St. Pete, FL 33705 |
|  |  |  |

**(f)     Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(g)     Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(h)     Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.**

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

5

**(i)** **Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

**(j)** **Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**(k)** **Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**6.** **LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

**(a)    Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(b)    Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

**(c)    Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
|  |  |  |
|  |  |  |

**7.    GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming

Plan. The estimated dividend to unsecured creditors shall be no less than $<u>7000.00         </u>.

**D.**    **GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b) <u> X     </u> shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing

    agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

**E.**    **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set

out in this section are deemed void and are stricken.

_____
_____
_____

## **CERTIFICATION**

**By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.**

SIGNATURE(S):

Debtor(s)

 /s/ Mariamma P. Braxton_____          Date  1/8/2018_____


Attorney for Debtor(s)

/s/ James W. Elliott_____          Date  1/8/2018_____

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of January 2018, a true and correct copy of the Amended Chapter 13 Plan electronically filed and served via the Court's CM/ECF system and/or via U.S. Mail to the following: **Kelly Remick,** Chapter 13 Trustee, P.O. Box 6099, Sun City, Florida 33571; **Mariamma P. Braxton**, Debtor, 1195 55th Avenue South, Saint Petersburg, Florida 33705; **U.S. Trustee,** 501 East Polk Street (Timberlake Annex), Suite 1200, Tampa, Florida 33602 and to all creditors on matrix attached hereto.

/s/ James W. Elliott, Esq.
FBN: 0040961

```
Label Matrix for local noticing          Mariamma P. Braxton                      HMC Assets, LLC
113A-8                                   1195 55th Ave. S.                        c/o Nicole Mariani Noel
Case 8:17-bk-09158-MGW                   Saint Petersburg, FL 33705-5015          P.O. Box 800
Middle District of Florida                                                        Tampa, FL 33601-0800
Tampa
Mon Jan  8 21:20:30 EST 2018

ADI Security Services                    AR Resources, Inc.                       Advanced ENT's of Tampa Bay
P.O. Box 650485                          P.O. Box 1056                            625 6th AVe South Suite 385
Dallas, TX 75265-0485                    Blue Bell, PA 19422-0287                 Saint Petersburg, FL 33701-4665


Alexander Medical Group LLC              All Children Hopital Billing Department  All Children's Hospital
12416 66th St. North Ste A               P.O. BOx 860024                          P.O. Box 860024
Largo, FL 33773-3430                     Orlando, FL 32886-0024                   Orlando, FL 32886-0024


All Childrens Hospital Billing Dept      All Childrens Hospital Billing Off       BSI Financial Services
P.O. Box 860024                          P.O. Box 860024                          1425 Greeway Dr, Suite 400
Orlando, FL 32886-0024                   Orlando, FL 32886-0024                   Irving, TX 75038-2480


Bay Care Outpatient Imaging Carillon     BayCare Medical Group                    BayCare Medical Group
P.O. Box 20288                           3003 W Dr Mlk Blvd Ste 2nd,              P.O. Box 10744
Tampa, FL 33622-0288                     Tampa, FL 33607-6307                     Clearwater, FL 33757-8744


Bayfront Medical Center                  Bayfront Medical Center Business Off     Bayfront Medical Center Bussines Off
101 Paramount Dr. Suite 320              101 Paramount Dr. Suite 320              101
Sarasota, FL 34232-6044                  Sarasota, FL 34232-6044                  Patamount Dr. Suite 320
                                                                                  Sarasota, FL 34232


Bayside Emergency Physiciand             Bayside Emergency Physicians             Bayside Emergency Physicians
P.O. Box 1056                            P.O. Box 1056                            P.O. Box 12099
Blue Bell, PA 19422-0287                 Blue Bell, PA 19422-0287                 Daytona Beach, FL 32120-2099


Bright House                             Casesa Bowden Barlow,  P.A               Central Imaging Open MRI
P.O. Box 31710                           3845 Fifthe Ave North                    P.). Box 862609
Tampa, FL 33631-3710                     Saint Petersburg, FL 33713               Orlando, FL 32886-2609


City of Sparks Police Department         City of St Petersburg Housing & Communi  City of St. Petersburg Parking Ticket
P.O. Box 899                             P.O. Box 2842                            P.O. BOx 242
Sparks, GA 31647-0899                    Saint Petersburg, FL 33731-2842          Saint Petersburg, FL 33731


Creditor Protection Asspc. LLP           Department of Revenue                    Florida Injury of St. Petersburg
P.O. Box 802068                          PO Box 6668                              6220 South Orange Blossom Trail
Dallas, TX 75380-2068                    Tallahassee, FL 32314-6668               Suite 200
                                                                                  Orlando, FL 32809-4678
```

| | | |
|---|---|---|
| Forest Recovery Services, LLC<br>P.O. Box 83<br>Barrington, IL 60011-0083 | GM Financial<br>P.O. Box 78143<br>Phoenix, AZ 85062-8143 | Gulf Coast Collection<br>P.). Box 21239<br>Sarasota, FL 34276-4239 |
| Gulf Coast Collection Bureau<br>P.O. Box 21239<br>Sarasota, FL 34276-4239 | Gulf Coast Collection Bureau<br>P.O. Box 21509<br>Sarasota, FL 34276-4509 | Gulf Coast Collections<br>P. O Box 21239<br>Sarasota, FL 34276-4239 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Laboratory Physicians PA<br>P.O. Box 30100<br>Charleston, SC 29417-0100 | Laboratory Physicians PA<br>P.O. Box 402643<br>Atlanta, GA 30384-2643 |
| Laboratory Physicians PA<br>P.O. Box 60100<br>Charleston, SC 29419-0100 | Martha Mendez<br>1195 55 th AVe South<br>Saint Petersburg, FL 33705-5015 | Martha Mendez<br>1195 55th Ave South<br>Saint Petersburg, FL 33705-5015 |
| Merchants Association Collection Div.<br>P.O. Box 2442<br>Tampa, FL 33602 | Merchants Association Collection Div.<br>P.O. Box 2842<br>Tampa, FL 33601-2842 | Navient<br>PO Box 9500<br>Wilkes Barre, PA 18773-9500 |
| Navient Solutions, LLC. on behalf of<br>United Student Aid Funds, Inc.<br>Attn: Bankruptcy Litigation Unit E3149<br>PO Box 9430<br>Wilkes Barre, PA 18773-9430 | Paragon Revenue Group<br>PO Box 127<br>Concord, NC 28026-0127 | Pasadena ENT & Allergy<br>6827 1st AVe South<br>Suite 100<br>Saint Petersburg, FL 33707-1242 |
| Pediatric Physician Services<br>PO Box 865135<br>Orlando, FL 32886-3297 | Pediatric Physician Services, Inc.<br>PO Box 863297<br>Orlando, FL 32886-3297 | Pinellas Imaging Consultants<br>P.O. Box 23057<br>Tampa, FL 33623-2057 |
| PinellasImaging Consultants<br>P.O. Box 23057<br>Tampa, FL 33623-2057 | Preferred CMS<br>P.O. Box 2964<br>Tampa, FL 33601-2964 | Radiology Assoc. of St. Petersburg<br>P.O. Box 919379<br>Orlando, FL 32891-0001 |
| Rose Radiology Centers, Inc.<br>P.O. Box 850001  Box #298<br>Orlando, FL 32885-0298 | St. Anthony's Hospital<br>P.O. Box 1830<br>Clearwater, FL 33757-1830 | St. Anthony's Primary Care<br>P.O. Box 10744<br>Clearwater, FL 33757-8744 |
| St. Anthony's Primary Care<br>P.O. Box 1830<br>Clearwater, FL 33757-1830 | TD Bank USA N.A<br>4510 West 77th St. Suite 200<br>Minneapolis, MN 55435-5507 | Tampa Bay Orthopedic SPecialist<br>P.O. Box 14000<br>Belfast, ME 04915-4033 |

| | | |
|---|---|---|
| Target Credit Card<br>P.O. Box 660170<br>Dallas, TX 75266-0170 | Tertiary Collection Agency<br>802 East Martintown Rd Suite 201<br>Mount Carmel, SC 29840 | U.S. Department of Housing and Urban Dev<br>451 7th Street S.W.<br>Washington, DC 20410-0002 |
| USF Physicians Group<br>P.O. Box 917689<br>Orlando, FL 32831 | Verizon<br>500 Technology Drive ste 550<br>Weldon Spring, MI 63304-2225 | United States Trustee - TPA7/13 7+<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| James W Elliott +<br>McIntyre Thanasides Bringgold, et. al.<br>500 E. Kennedy Blvd., Suite 200<br>Tampa, FL 33602-4936 | Caroline Cynn Printy +<br>Kelly Remick, Chapter 13 Trustee<br>P O Box 6099<br>Sun City Center, FL 33571-6099 | Nicole Mariani Noel +<br>Kass, Shuler, Solomon, Spector, etal<br>PO Box 800<br>Tampa, FL 33601-0800 |
| Kelly Remick +<br>Chapter 13 Standing Trustee<br>Post Office Box 6099<br>Sun City, FL 33571-6099 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Michael G. Williamson<br>Tampa | (u)Ak Rescources<br>P.O. Box 1056<br>PA 19000 | (u)Gulf Cost Agency |
| (d)Pediatric Physician Services,<br>PO Box 865135<br>Orlando, FL 32886-3297 | (d)Pediatric Physician Services, Inc.<br>PO Box 865135<br>Orlando, FL 32886-5135 | (d)Pediatric Physician Services, Inc.<br>PO Box 865135<br>Orlando, FL 32886-3297 |

End of Label Matrix
Mailable recipients    70
Bypassed recipients     6
Total                  76